UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:16-cr-183-03 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CORDELL JOHNSON | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court is a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 by Petitioner Cordell Johnson ("Johnson"). [Record Document 381]. Johnson, proceeding pro se, contends that his trial counsel denied him the right to effective assistance of counsel and the right to a jury trial as guaranteed by the Sixth Amendment. For the reasons enunciated below, this motion is **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted.

## BACKGROUND

On July 13, 2016, Johnson was indicted with one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine and two hundred eighty grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 846 (Count 1); and one count of knowingly and intentionally using communication facilities in committing, causing and facilitating the offense set forth in Count 1, in violation of 21 U.S.C. § 843(b) (Count 4). Record Document 1, pp. 2 & 4.

Johnson entered into a plea agreement in which he agreed to plead guilty to Count 1 of the indictment, in exchange for the Government's promise to dismiss the remaining count. Record Documents 208 & 210, p. 2. On October 26, 2017, the Court sentenced Johnson to 120 months of imprisonment. Record Document 292, p. 2. During his guilty plea and sentencing, Johnson was represented by Valerie Garrett. Record Documents 208 & 285.

Johnson filed a motion for leave to file an out of time notice of appeal through counsel. Record Document 309. The motion was granted and counsel was granted leave of Court to withdraw. *Id*. CJA panel attorney Elizabeth Dougherty was then appointed to represent Johnson on appeal. Record Document 311. On appeal, Johnson argued that he was denied the safety valve reduction because of criminal history points that were assigned to him in error. Record Document 380, p. 3. The United States Fifth Circuit Court of Appeals affirmed this Court's judgment on October 19, 2018. *Id*. at 1. Johnson filed the instant motion on November 26, 2018. Record Document 381.

## LAW & ANALYSIS

I. **28 U.S.C. § 2255**

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955

F.2d 367, 368 (5th Cir. 1992). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Thus, the collateral challenge process of § 2255 is no substitute for appeal. *See Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). As a general rule, claims not raised on direct appeal may not be raised on collateral review unless the defendant shows cause and prejudice for his failure to raise the claim on direct review, or actual innocence. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). This is neither a statutory nor constitutional requirement, but instead a "doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). While it is generally the government's responsibility to raise the issue of procedural default, the court may still impose the bar *sua sponte*. *United States v. Willis*, 273 F.3d 592, 596–97 (5th Cir. 2001). A court should not apply the procedural default rule *sua sponte*, however, without first considering whether the defendant has been given notice of the issue and had an opportunity to argue against application of the bar, and whether the government has intentionally waived the defense. *Id.* at 597 (quoting *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000)).

II. **<u>Ineffective Assistance of Counsel</u>**

Johnson raises six claims of ineffective assistance of counsel. Ineffective assistance claims may be brought for the first time in a collateral proceeding under § 2255 regardless of whether the defendant raised the issue on direct appeal. *Massaro*, 538 U.S. at 509. A

review of Johnson's claims, therefore, does not require a determination of whether he raised them on direct appeal. *Id.*; *see also United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005) (per curiam).

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 687. A defendant must satisfy both prongs of the *Strickland* test in order to prevail, and the court need not approach the inquiry in the same order or address both components should the defendant fail to satisfy one. *Id.* at 697.

The first prong does not require perfect assistance by counsel; rather, a defendant must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 687–88. In this review, courts "must make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689). Accordingly, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Under the second prong, the court looks to any prejudice suffered as a result of counsel's deficient performance. *Id.* This prong is satisfied if the defendant can show "a

reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" and that the errors were sufficiently serious to deprive the defendant of a fair trial with a reliable verdict. *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 694–95). Under *Strickland*, the court may also consider the cumulative prejudice from counsel's errors. *See Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009) (addressing each issue of deficient performance found by the district court before considering whether the petitioner was cumulatively prejudiced thereby); *see also Dodson v. Stephens*, 611 F. App'x 168, 178 (5th Cir. 2015) (assuming without deciding that *Strickland* calls for a cumulative prejudice analysis).

In the instant motion, Johnson raises several claims. All of these claims stem from his central assertion: that he had ineffective assistance of counsel during his sentencing and during the direct appeal process.

### 1. Statutory Mandatory Minimum

The Government points out, and the Court agrees, that in claims 1, 2, and 4, Johnson asserts duplicative, or at least overlapping, claims that his trial and appellate counsel were ineffective for failing to object to his being sentenced to the 120-month mandatory minimum provided in 21 U.S.C. § 841(b)(1)(A). *See* Record Document 387, p. 6. Johnson asserts that he should have been sentenced based on the drug quantity attributed to him as an individual, not the amount attributable to the entire conspiracy. Record Document 381-1, pp. 5–6.

In connection with the plea entered in this matter, the parties entered into a written plea agreement. The sworn stipulation offered in connection with the plea agreement states, in pertinent part:

> In 2011, the government began an investigation of the Artey D. Foulcard Drug Trafficking Organization. In 2013, the government obtained three separate Title III orders on phones associated with the Foulcard Drug Trafficking Organization. Through these court authorized wiretaps as well as other investigative techniques[,] the government became aware of the fact that Artey D. Foulcard developed a distribution network, and that CORDELL JOHNSON was a member of that distribution network. The government learned that Foulcard supplied JOHNSON with nine ounces of cocaine approximately every other week, which he in turn distributed elsewhere. The government also learned that JOHNSON was directly supplied by Omar Mascorro for a period of time while Artey Foulcard was incarcerated. **JOHNSON stipulates that during his involvement in this conspiracy he was supplied with at least 15, but less than 50, kilograms of cocaine between 2008 and 2013**.

Record Document 210-2 (emphasis added). In the sworn stipulation, Johnson acknowledged that he read the above stipulated factual basis, carefully reviewed every part of it with his counsel, fully understood it, and voluntarily admitted to the facts contained therein. *Id.* at 2.

At the change of plea hearing, Magistrate Judge Whitehurst asked Johnson if he understood that the penalty for the charge to which he was pleading was a term of imprisonment of not less than ten years and up to life, pursuant to 21 U.S.C. § 841(b)(1)(A). Record Document 223, p. 15, lines 20–24. Johnson confirmed that he understood the maximum penalty. *Id.* at 16, lines 4–6. Regarding his attorney, when asked if he was satisfied with Ms. Garrett's representation of him, Johnson answered, "[v]ery much so, ma'am." *Id.* at 9, lines 14–16.

The Magistrate Judge confirmed that Johnson understood the rights he was waiving in connection with his guilty plea and verified that he was willing to waive his right against self-incrimination so the Court could examine him during the guilty plea. *Id.* at 10–13. The Magistrate Judge then reviewed the factual stipulation with him and read each sentence aloud, asking him if each was correct. Johnson expressed his agreement with each statement, including the following:

> THE COURT: Johnson stipulates that, during his involvement in this conspiracy, he was supplied with at least 15, but less than 50 kilograms of cocaine between 2007 and 2014. Is that true?
>
> THE DEFENDANT: No, ma'am.
>
> MS. GARRETT: 2008 and 2013.
>
> THE COURT: And the documents that are being filed into the record have the correct dates?
>
> MS. GARRETT: Yes, it does.
>
> THE COURT: So you're agreeing that between 2008 and 2014 –
>
> THE DEFENDANT: Thirteen.
>
> MS. GARRETT: Thirteen.
>
> THE COURT: 2008 and 2013 **your involvement in the conspiracy involved at least 15, but less than 50 kilograms of cocaine?**
>
> THE DEFENDANT: **Yes**.
>
> MS. GARRETT: Yes.

*Id.* at 26, lines 1–23 (emphasis added).

At the sentencing hearing, defense counsel conceded that Johnson was not eligible for a safety valve reduction and instead offered mitigating information regarding his non-

7

support conviction.[1] Record Document 331, p. 7, lines 14–21. Counsel for Johnson and the Government agreed that the Court had no discretion to go below the 120-month statutory mandatory minimum. Record Document 331, pp. 8–10. The Court sentenced Johnson to a 120-month term of imprisonment, noting that it was "bound by that statutory minimum." *Id.* at 20–21.

Johnson argues that his counsel rendered ineffective assistance because she did not object to the drug quantities that subjected him to the mandatory minimum penalty of ten years. Record Document 381-1, p. 19. However, because the quantity of drugs attributed to Johnson was correct, based on his own sworn admission in court, there were no grounds for defense counsel to object. Johnson's "[s]olemn declarations in open court carry a strong presumption of verity" and erect a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Consequently, "[r]eviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). The 120-month mandatory minimum penalty contained in 21 U.S.C. § 841(b)(1)(A) establishes a five kilogram threshold for offenses involving cocaine. Therefore, the minimum amount admitted by Johnson, fifteen kilograms, is three times the amount needed to support the sentence imposed.

Accordingly, any objection at sentencing based on the drug quantity would have been frivolous. Counsel's failure to raise a frivolous objection is not ineffective assistance

---

[1] The non-support conviction refers to Johnson's conviction for Criminal Neglect of Family-Contempt resulting from his failure to pay child support. Record Documents 299, ¶ 30; 331, pp. 6–7.

and is not grounds for relief under § 2255. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Thus, Johnson cannot show that his counsel's performance was deficient, as required by the first prong of the *Strickland* test, and Johnson is not entitled to relief under § 2255 for this claim.

### 2. Assessment of Criminal History Points

Next, Johnson claims that trial counsel was ineffective for failing to object to the Presentence Report's determinations regarding his Criminal History Category of II, which ultimately affected his entitlement to a safety valve reduction. Record Document 381-1, pp. 5–6. Had Johnson been eligible for a safety valve reduction, the Court would have been free to disregard the 120-month mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A) when determining Johnson's sentence. *See* 18 U.S.C. § 3553(f).[2] Johnson was assessed a criminal history score of three based on his prior criminal convictions. Record Document 299, ¶ 38. He received one point each for his misdemeanor convictions of (1) Criminal Neglect of Family-Contempt [*id.* at ¶ 30]; (2) Simple Battery

---

[2] Johnson was sentenced in 2017, at which time a defendant was only eligible for a safety valve reduction if he did not have more than one criminal history point. 18 U.S.C. § 3553(f)(1) (2010), *amended by* First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018). Since the passage of the First Step Act in December of 2018, a defendant is now eligible for a safety valve reduction if he does not have more than four criminal history points, excluding any points resulting from a one-point offense. 18 U.S.C. § 3553(f)(1)(A). However, the amendments made by this section of the First Step Act shall apply "only to a conviction entered on or after the date of the enactment of this Act." First Step Act § 402(b). Because the Court entered judgment against Johnson before the First Step Act was passed in December of 2018, the amended safety valve provision does not apply to his conviction. *United States v. Cantu Hernandez*, 787 F. App'x 849 (5th Cir. 2019) (per curiam), *cert. denied*, ---S.Ct.----, 2020 WL 1496753 (Mem), 206 L.Ed. 509.

with No Medical Treatment [*id.* at ¶ 32]; and (3) Carrying a Concealed Weapon [*id.* at ¶ 34]. These three criminal history points established a Criminal History Category of II. *Id.* at ¶ 39.

The calculation of a defendant's Criminal History Category is governed by the principles set forth in Chapter Four of the U.S. Sentencing Guidelines. Criminal history points are calculated based on various factors including the nature of the sentence imposed, the age of the conviction, and the nature of the offense. The principles in Chapter Four are generally rules of inclusion: "Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. § 4A1.2 Application Notes, *Background*. Pursuant to U.S.S.G. § 4A1.1(a), three points are assessed for "each prior sentence of imprisonment exceeding one year and one month;" under § 4A1.1(b), two points are assessed for "each prior sentence of imprisonment of at least sixty days not counted in [subsection] (a)." Section 4A1.1(c) provides for the assignment of one point for "each prior sentence not counted in [subsections] (a) or (b), up to a total of 4 points for this subsection." Pursuant to § 4A1.2(c), subject to the applicable time period,[3] "[s]entences for all felony offenses are counted." As for misdemeanors, all are counted except for certain listed offenses "and offenses similar to them, by whatever name they are known . . . ." U.S.S.G. § 4A1.2(c)(1). As to the listed or similar offenses, those

---

[3] Sentences that do not include a term of imprisonment exceeding one year and one month are counted if they were imposed "within ten years of the defendant's commencement of the instant offense . . . ." U.S.S.G. § 4A1.2(e)(2). That timing provision is not implicated here, as all three sentences were imposed within ten years of the time Johnson began participating in the drug conspiracy in 2008.

10

sentences are only counted if the sentence "was a term of probation of more than one year or a term of imprisonment of at least thirty days," or "the prior offense was similar to an instant offense." *Id.*

>The listed excludable offenses in § 4A1.2(c)(1) include:
>
>Careless or reckless driving
>Contempt of court
>Disorderly conduct or disturbing the peace
>Driving without a license or with a revoked or suspended license
>False information to a police officer
>Gambling
>Hindering or failure to obey a police officer
>Insufficient funds check
>Leaving the scene of an accident
>Non-support
>Prostitution
>Resisting arrest
>Trespassing

*Id.*

In determining whether a prior offense is "similar" to a listed excludable offense under § 4A1.2(c)(1), the Fifth Circuit "suggest[s] a common sense approach which relies on all possible factors of similarity." *United States v. Lamm*, 392 F.3d 130, 132 (5th Cir. 2004) (quoting *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991)). "Factors to consider include: 'a comparison of punishments imposed for the listed and unlisted offenses, the perceived seriousness of the offense as indicated by the level of punishment, the elements of the offense, the level of culpability involved, and the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.'" *Id.* In light of these considerations, the Court will now address the three prior convictions used to reach Criminal History Category II.

A. <u>Concealed Carry</u>

Appellate counsel, on direct appeal, argued that Johnson's conviction for carrying a concealed weapon should not have been considered because it was similar to driving without a license, which is a listed excludable offense under § 4A1.2(c)(1). *United States v. Johnson*, 907 F.3d 304, 305 (5th Cir. 2018) (per curiam). The Fifth Circuit held that the district court did not err in assigning a criminal history point for this conviction because the elements of the two offenses are not similar and because carrying a concealed weapon "involves a more culpable state of mind and increased risk of harm to others." *Id.* at 306. Thus, Johnson's argument on this point is procedurally barred from collateral review. *United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997). Furthermore, using the "common sense" approach to determine similarity adopted by the Fifth Circuit, carrying a concealed weapon is not only dissimilar from driving without a license, but an obviously more serious crime. *See Lamm*, 392 F.3d at 132. Consequently, it would have been fruitless for Johnson's counsel to object to the addition of a criminal history point based on this conviction on the grounds that the crimes are similar. As such, Johnson's counsel was not ineffective for failing to raise what would have been a meritless objection. *Clark*, 19 F.3d at 966 ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."); *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007) ("Turner's counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless.").

B. <u>Criminal Neglect of Family</u>

Johnson was convicted of criminal neglect of family and sentenced to serve six months in jail, which was suspended, and given five years' probation. Record Document 299, ¶ 30. Johnson did not challenge the criminal history point assigned for this conviction on appeal, but now argues that counsel was ineffective for failing to object "to certain aspects of the child support matters raised in his criminal history." Record Document 381-1, p. 6. Johnson does not articulate what objection counsel should have made. *See id.* Section 4A1.2(c) requires this conviction to be counted because Johnson was sentenced to a term of probation of at least one year. U.S.S.G. § 4A1.2(c)(1); *see United States v. Martinez*, 30 F.3d 1490, 1994 WL 397688, at *1 (5th Cir. July 12, 1994) (unpublished) (holding that the district court properly assessed the defendant one criminal history point for a prior conviction for driving with a suspended license because he was sentenced to a one-year term of probation). As stated above, Johnson's counsel was not ineffective for failing to make what would have been a meritless objection. *Turner*, 481 F.3d at 298.

C. <u>Simple Battery</u>

In Johnson's direct appeal, appellate counsel argued that his conviction for simple battery should not have been assessed any criminal history points. *Johnson*, 907 F.3d at 306. Instead of reaching that question, the Fifth Circuit held that because Johnson had not challenged his neglect of family conviction, and because his concealed weapon conviction was properly counted, his mandatory minimum sentence would be unaffected even if he prevailed on the simple battery argument because he was already disqualified for a safety valve adjustment. *Id.* Thus, even if counsel was deficient for failing to object

to the Court counting Johnson's simple battery conviction, Johnson cannot show that he was prejudiced by such failure.

As discussed previously, to succeed on an ineffective assistance of counsel claim, a petitioner must show that he was prejudiced by demonstrating an effect on the outcome of the proceedings. *Mullins*, 315 F.3d at 456 (quoting *Strickland*, 466 U.S. at 694–95). Because this Court finds that Johnson could not show prejudice, it need not decide whether the simple battery conviction was properly counted. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988) (holding that both prongs of the *Strickland* test must be satisfied in order to be entitled to relief).

### 3.   Amount of Cocaine Listed in Indictment

Johnson argues that counsel was ineffective for not objecting to the fact that the indictment did not allege the specific amount of cocaine for which he was held responsible. Record Document 381-1, pp. 6–7. This argument fails for the following reasons. "'[T]he validity of an indictment is governed by practical, not technical considerations,' and '[t]he basic purpose behind an indictment is to inform a defendant of the charge against him.'" *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013) (second alteration in original) (quoting *United States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008) and *United States v. Hoover*, 467 F.3d 496, 499 (5th Cir. 2006)). "An indictment is legally sufficient if (1) 'each count contains the essential elements of the offense charged,' (2) 'the elements are described with particularity,' and (3) 'the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense.'" *Id.* (quoting *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999)).

The Fifth Circuit has held that in cases charged under 21 U.S.C. § 841, an indictment's allegation of a drug-quantity range, as opposed to a precise drug quantity, is sufficient if it alleges a range tied to the relevant statutory penalty. *United States v. DeLeon*, 247 F.3d 593, 597 (5th Cir. 2001) (finding an indictment sufficient when it charged the defendant with offenses involving "more than 100 kilograms, but less than 1000 kilograms of marijuana," the quantities needed to trigger an enhanced penalty under § 841(b)(1)(B) and rejecting the defendant's assertion that the indictment should have alleged the precise quantity for which he was held accountable at sentencing).

In this case, the indictment charged Johnson with one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine and two hundred eighty grams or more of a mixture or substance containing cocaine base. Record Document 1, p. 2. These drug quantity ranges match those listed in 21 U.S.C. § 841(b)(1)(A) that trigger the application of the 120-month mandatory minimum penalty. Accordingly, counsel was not ineffective for failing to object to the indictment, and Johnson is not entitled to relief on this claim.

4. **Application of *Burrage v. United States***

Finally, Johnson argues that trial and appellate counsel were ineffective in failing to object and argue that his sentence was greater than the maximum set for the crime of which he was convicted. Record Document 381-1, p. 7. Specifically, he argues that under *Burrage v. United States*, 571 U.S. 204 (2014), his counsel should have argued that absent proof that the drugs he distributed were a "but-for" cause of the death of a drug user, he was not subject to the enhanced penalty of ten years to life. *Id.* However,

this case does not involve allegations that a drug user died following the ingestion of any cocaine that Johnson sold and there is nothing in the record indicating that the Court believed the enhanced penalty applied. Any objection regarding an enhanced penalty that was not applied in this case would have been meritless and, as such, Johnson's counsel was not ineffective for failing to make such an objection. *Turner*, 481 F.3d at 298.

## CONCLUSION

For the foregoing reasons, based on the record and the relevant jurisprudence,

**IT IS ORDERED** that Johnson's motion under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted. Because Johnson's claim is plainly refuted by the record, no evidentiary hearing is required. *See United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989).

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Johnson has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this __23rd_____ day of __July_____, 2020.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE