UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 16-183-03 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| CORDELL JOHNSON (03) | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## ORDER

Before the Court are two motions filed by Petitioner, Cordell Johnson. The first motion is a motion to reconsider or alter the Court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Record Document 400. The second motion is a motion to expedite consideration of the aforementioned motion. Record Document 407. The motion to expedite consideration [Record Document 407] is **GRANTED**. For the reasons below, Johnson's motion to reconsider or alter the Court's prior ruling [Record Document 400] is **DENIED**.

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court has broad discretion in granting or denying a Rule 59(e) motion. "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion "calls into question the correctness of a judgment." *Id.* at 478 (internal quotation marks and citations omitted). It is not to be used "for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (cleaned up).

Johnson's motion was filed within the 28-day period following the Court's denial of his § 2255 motion, so it is properly classified as a Federal Rule of Civil Procedure 59(e) motion. Rule 59(e) motions do not constitute successive § 2255 motions, so Johnson does not need permission from the United States Fifth Circuit Court of Appeals before filing. *See Banister v. Davis*, 140 S. Ct. 1698, 1705–11 (2020); *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020).

After reviewing Johnson's motion, the Court finds that he has advanced no legitimate reason for the Court to reconsider its prior ruling. Johnson was sentenced to the 120-month mandatory minimum provided in 21 U.S.C. § 841(b)(1)(A) after pleading guilty to conspiracy to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine and two hundred eighty grams or more of a mixture or substance containing cocaine base. Record Document 399 at 1–2. Based on Johnson's sworn testimony in court, the quantity of drugs attributable to him was fifteen kilograms, three times the amount needed to support the sentence imposed. *Id.* at 8. Additionally, the Court finds that it correctly determined that counsel was not ineffective for failing to make meritless objections regarding the Presentence Report's determinations about Johnson's Criminal History Category of II, which affected his entitlement to a safety valve reduction. Accordingly,

Johnson's motion to alter the Court's prior ruling [Record Document 400] is **DENIED**. The Court previously denied a certificate of appealability and affirms that denial.

**THUS DONE AND SIGNED** this __2nd__ day of December, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE